UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LISA MILLS, individually and on behalf of all
others similarly situated,

                                    Plaintiff,

                    v.

CLIENT SERVICES, INC.,

                                    Defendant.

**MEMORANDUM AND ORDER**

19-CV-2558 (LDH) (ST)

L ASHANN D EARCY HALL, United States District Judge:

Plaintiff Lisa Mills brings the instant putative class action against Defendant Client

Services, Inc., alleging violation of the Fair Debt Collection Practices Act (the "FDCPA").

Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss

the complaint in its entirety for failure to state a claim and lack of standing.[1]

## BACKGROUND[2]

Defendant regularly collects debts allegedly owed by customers.  (Compl. ¶ 10, ECF No.

1.)  Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection at

an exact time known only to Defendant.  (*Id*. ¶¶ 25, 29.)  On May 3, 2018, Defendant sent

Plaintiff a letter conveying various information regarding the debt ("the Letter").  (*Id*. ¶¶ 31–32.)

At the top of the Letter, a heading reads "DEBT VALIDATION NOTICE" in bold and in all

---

[1] The Court held a pre-motion conference on Defendant's anticipated motion to dismiss on August 9, 2019, during which Defendant made an oral motion to dismiss.  (*See* Aug. 9, 2019 Minute Entry.)  Plaintiff filed an opposition letter to Defendant's oral motion on August 30, 2019.  (*See* Pl.'s Opp'n Lttr., ECF No. 17.)  Accordingly, the Court relies on Defendant's pre-motion conference letter, (ECF No. 11), and Plaintiff's opposition letter, (ECF No. 17.), as memoranda of law for the purpose of this memorandum and order.

[2] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order.

1

caps.  (Compl. Ex. 1 at 1, ECF No. 1-1.)  In the body of the Letter, immediately following

"DEBT VALIDATION NOTICE," appears the following validation notice:

> Unless you notify our office within thirty (30) days after receiving this notice that
> you dispute the validity of this debt or any portion thereof, this office will assume
> this debt is valid.  If you notify this office in writing within thirty (30) days from
> receiving this notice that you dispute the validity of this debt or any portion thereof,
> this office will obtain verification of the debt or obtain a copy of a judgment and
> mail you a copy of such judgment or verification.  If you request of this office in
> writing within thirty (30) days after receiving this notice, this office will provide
> you with the name and address of the original creditor, if different from the current
> creditor.

(*Id.*)

The validation notice appears in the same font, size, and color as the rest of the text in the

body of the Letter.  (*Id.*; Compl. ¶ 47.)  The body of the Letter concludes with "FOR

IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OR

RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING

PAGE)."  (Compl. Ex 1 at 1; Compl. ¶ 48.)  On the reverse side of the Letter appears

jurisdiction-specific notices for California, Colorado, Kansas, Massachusetts, Minnesota, New

York, New York City, North Carolina, and Tennessee.  (Compl. Ex. 1 at 2.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  A claim is facially plausible when the alleged facts allow the court to draw a

"reasonable inference" of defendant's liability for the alleged misconduct.  *Id.*  While this

standard requires more than a "sheer possibility" of defendant's liability, *id.*, "[i]t is not the

Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well-settled that the court must accept the factual allegations of the complaint as true."  *Id.* (citations omitted).

## DISCUSSION

The FDCPA mandates that when a debt collector solicits payment from a consumer, the debt collector must provide a written notice stating, among other things, that the consumer has the right to dispute the validity of the debt sought.  *See* 15 U.S.C. § 1692g(a).  This is commonly referred to as the validation notice.  A debt collector violates the FDCPA "even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor."  *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008).  A notice is overshadowing or contradictory if it "fails to convey the validation notice information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights."  *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998).  "It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed."  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) (internal citation omitted).  In the Second Circuit, "the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'"  *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019).  That is, courts "ask how the least sophisticated consumer— one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—would understand the collection notice."  *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2016).  That said, "[t]he hypothetical least

sophisticated consumer . . . is neither irrational nor a dolt." *Goldtsein v. Diversified Adjustment Serv., Inc.*, 17-CV-04729, 2017 WL 5592683, at *2 (E.D.N.Y. Nov. 20, 2017) (internal quotations and citation omitted).

Here, Plaintiff alleges that the Letter buries the required validation notice within its text. (Compl. ¶ 46.) Specifically, Plaintiff highlights that the validation notice appears in the body of the Letter in the same font, size, and color as the other text. (*Id*. ¶¶ 47–60.) Plaintiff further notes that the reader is directed to the reverse side for "important rights and privileges," while the validation notice appears on the front. (*Id*. ¶¶ 48–49.) According to Plaintiff, the validation notice is therefore not readily discerned and is overshadowed. (*Id*. ¶ 51.) Plaintiff's claim is utterly without merit and borders on frivolous.

As Defendant points out, the validation notice in this case appears directly under the bold all caps heading "DEBT VALIDATION NOTICE." (*Id*. Ex. 1 at 1.) Far from being overshadowed, the validation notice is conspicuous. That, as Plaintiff presses, the notice itself is not also printed in bold, but is instead printed in the same font, size, and color as rest of the text does not change that conclusion. The Court is similarly unpersuaded by Plaintiff's argument that because the Letter directs the reader to reverse side for "important rights and privileges," the validation notice is somehow overshadowed. (Pl.'s Opp'n Lttr. 2, ECF No. 17.) Plaintiff does not argue that the important rights and privileges somehow contradict the notice. Instead, Plaintiff's theory is that consumers will overlook the validation notice, which appears only on the front of the Letter, because they are drawn to the reverse side. (*Id*.) Nonsense. Courts have long made clear that the consumer is charged with reading the entire document. *See McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) ("While we have not found any case in this circuit directly holding that a debt collector may print the validation notice on the back of a

4

collection letter, we have apparently presumed that such a letter should be read in its entirety.");
*see also Dewees v. Legal Servicing*, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).  Here, the entire document includes the validation notice, which appears plainly on the front of the Letter. (*See generally*, Compl. Ex 1.)  This notice could not be clearer.  Plaintiff's overshadowing claim must be dismissed.[3]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.[4]

SO ORDERED.

Dated: Brooklyn, New York                    /s/ LDH
         September 10, 2020                        LASHANN DEARCY HALL
                                                  United States District Judge

---

[3] None of the cases cited by Plaintiff compels a different conclusion.  Indeed, in *McStay*, the Second Circuit concluded that the least sophisticated consumer could not reasonably be confused by a collection letter containing a less prominently-placed validation notice on the reverse side of the letter, even though the front of the letter was confusing as to the deadline to dispute the debt.  *McStay v. I.C. System, Inc.*, 308 F.3d at 191.  Likewise, no such confusion is present with the validation notice in this case, which appears on the front of the letter.  *Papetti*, also cited by Plaintiff, is also distinguishable on the facts.  There, the collection letter at issue misdirected the consumer to a blank page rather than the validation notice, which was included on another unaffixed sheet within the envelope. *Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 346, 349, 354 (S.D.N.Y. 2015).  Unlike the validation notice in *Papetti*, the validation notice here appears in the same document as the debt collection letter and, quite significantly, is the very first paragraph that the reader consumes under a bold and capitalized heading that reads "DEBT VALIDATION NOTICE."  Here, the instant action bears striking resemblance to *Park v. Forster & Garbus, LLP*.  The *Park* court dismissed the plaintiff's overshadowing claim where another validation notice at issue appeared in the second full sentence of the debt collection letter in the same font, size, and color as the surrounding text, notwithstanding the fact that the bottom of the letter provided "SEE IMPORTANT NOTICE ENCLOSED," referring the consumer to a series of disclosures on the second page of the letter.  *Park v. Forster & Garbus, LLP*, 19-CV-3621, 2019 WL 5895703, at *1–2 (E.D.N.Y. Nov. 12, 2019).  So too here.
[4] Relying on the Seventh Circuit's decision in *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019), Defendant also argues that Plaintiff lacks Article III standing.  (*See* Def.'s PMC Lttr. 3, ECF No. 11.)  Having dismissed the complaint on the merits, the Court does not reach this argument.